## E. P. ANDREWS v. H. D. JONES.

1. A party will not be heard by this court, to object to pleadings he did not except to in the court below.
2. In defense to a suit on a rental contract for the year 1870, the defendant put in a plea in reconvention, alleging that he had been damaged in consequence of his cotton being unpicked on the 22d of January, 1871, when the plaintiff sued out his distress warrant and thereby prevented defendant from picking it, etc.; and the court below admitted evidence in support of this plea. *Held,* to be error; no evidence should have been permitted to go to the jury to prove damages sustained after the expiration of the rental year.
3. The fences around rented premises being good at the time the lessee took possession, it was his business to keep them good during his term, and if he did not do so, he was responsible to his lessor for whatever damage the latter sustained by the neglect.
4. The rental contract provided, that the lessee might clear, fence, and cultivate certain land, and for all extra clearing and fencing he was to be paid the customary price of labor. *Held,* that the lessee was authorized to make all necessary fencing to protect his crops, and if he neglected to do so he could not recover damages consequent upon such neglect.

APPEAL from Tarrant.  Tried below before the Hon. Hardin Hart.

There is no occasion for a statement of the facts.

*E. P. Andrews,* appellant, in proper person.

*J. H. Burts,* for appellee.

WALKER, J.  We are not called on to determine any question of law in this case.  Suit was brought on a contract for

rent. The appellant contends in his brief, that no distress warrant was issued, but that an attachment was improperly issued when a distress warrant was sought; but we find on page 14 of the record, the judgment of the court quashing a distress warrant. The writ of attachment may, however, be improperly designated.

The appellant assigns as error, that the court erred in admitting the defendant's answer, in reconvention. It does not appear that the answer was demurred or excepted to, in the court below, and the exception comes too late in this court. The jury found for the defendant Jones, and assessed his damages at one hundred and seventy-seven dollars and forty-eight cents.

This verdict is not supported by the evidence. A new trial should have been granted in the District Court.

The damages to the crops according to the evidence occurred after the rental year had expired. The defendant below should have gathered and housed his crops within the year. No evidence should have been permitted to go to the jury, in support of the plea in reconvention to prove damages, after the expiration of the year.

The evidence is conflicting to some extent, but the effect of the verdict and judgment is virtually to give the land to Jones, rent free, and pay him a large bill of damages besides. He and his own children as witnesses, say, that the fences were good when he took possession of the land. It was then his business to keep them good during his term, and if he did not he would be responsible to Anderson for whatever damage he might have sustained by the neglect. It is claimed, however, that Anderson extended the fence, in order to inclose three acres of additional land. By the evidence of James Young it is shown that the defendants raised good crops, and that when defendant took possession the fence was good. W. T. Jones, the son of the defendant, swears that he was hired to the plaintiff, and that by the plaintiff's direction he removed the fence, in order to take in more land.

In the rental contract it is provided that certain lands might be cleared and fenced and cultivated by the defendant, and for all extra clearing and fencing, he was to be paid the customary price of labor. He was fully authorized to make all necessary fencing to protect his crops, and Anderson was bound to pay him for the same, and if he neglected to do so, he cannot recover damages for such negligence.

The judgment of the District Court must be reversed and the cause remanded.

Reversed and remanded.